IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION – CINCINNATI

| | | |
|---|---|---|
| FIRST FINANCIAL BANK, | : | Case No. 1:23-cv-809 |
| Plaintiff, | : | Judge Matthew W. McFarland |
| v. | : | |
| TEKMOVIL, LLC, | : | |
| Defendant. | : | |

## ORDER AND OPINION

This matter is before the Court on Plaintiff First Financial Bank's Motion for Summary Judgment (Doc. 23). Defendant Tekmovil, LLC, did not file a response in opposition and the time to do so has passed. Thus, this matter is ripe for the Court's review. For the reasons below, Plaintiff's Motion for Summary Judgment (Doc. 23) is **GRANTED**.

## BACKGROUND

Plaintiff First Financial Bank is a chartered bank with its principal place of business located in Ohio. (Compl., Doc. 1, ¶ 1.) Plaintiff maintains a division that specializes in foreign currency advisory services. (*Id.* at ¶ 6.) On June 16, 2020, Plaintiff and Defendant Tekmovil, LLC, a Florida based company, entered into an agreement in which Plaintiff would execute currency exchange transactions for Defendant. (*Id.* at ¶¶ 2, 7, 8; *see* Agreement, Doc. 1-1.) Pursuant to the agreement, Plaintiff executed several transactions at Defendant's request. (*Id.* at ¶ 8.) Defendant, however, did not satisfy its obligations

under the agreement when it failed to pay Plaintiff for its services. (*Id.* at ¶ 9.) On October 5, 2023, Plaintiff provided Defendant with a notice of default. (*Id.* at ¶ 10.) Despite Plaintiff's notice, Defendant has still not satisfied its obligation. (*Id.* at ¶ 11.)

Plaintiff filed the Complaint on December 13, 2023, bringing one claim for breach of contract. (Compl., Doc. 1). Plaintiff moved for summary judgment on October 31, 2024. (Motion, Doc. 23.) After Defendant failed to file a response to Plaintiff's motion, Plaintiff filed a Notice of Non-Opposition. (Notice, Doc. 24.)

## LAW

When there is no genuine dispute as to any material fact and the moving party is entitled to judgment as a matter of law, the district court shall grant summary judgment. Fed. R. Civ. P. 56(a). The moving party has the burden to conclusively show that no genuine issue of material fact exists. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986); *Lansing Dairy, Inc. v. Espy*, 39 F.3d 1339, 1347 (6th Cir. 1994). If the moving party meets that burden, then it becomes the nonmoving party's responsibility to point to specific facts showing a genuine issue for trial. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986). A court is under no obligation to search the record for genuine issues of material fact. *Betkerur v. Aultman Hosp. Ass'n*, 78 F.3d 1079, 1087 (6th Cir. 1996).

Moreover, a "mere scintilla" of evidence in support of the nonmoving party's position is not enough to avoid summary judgment. *Daniels v. Woodside*, 396 F.3d 730, 734 (6th Cir. 2005). Rather, to preclude summary judgment, the nonmoving party must put forward probative evidence on which a jury could reasonably reach a verdict in that party's favor. *Anderson*, 477 U.S. at 251-52; *Lansing Dairy*, 39 F.3d at 1347. If the

nonmoving party fails to make the necessary showing for an element on which it has the burden of proof, then the moving party is entitled to summary judgment. *Celotex*, 477 U.S. at 323.

## ANALYSIS

Defendant did not respond to Plaintiff's Motion for Summary Judgment (Doc. 23). When reviewing a motion for summary judgment, the trial court must hold the moving party to Rule 56's burden and require the party to "show that there is no genuine issue as to material fact, and that the moving party is entitled to a judgment as a matter of law.'" *Guarino v. Brookfield Twp. Trs.*, 980 F.2d 339, 410 (6th Cir. 1992) (quoting Fed. R. Civ. P. 56(a)). Such requirement is not lowered even when the non-moving party fails to respond. *Id.* This does not mean, however, that a court "will sua sponte comb the record" to advocate for the non-moving party. *Id.* Instead, the Court may rely on the moving party's recitation of the evidence. *Id.*

Here, Plaintiff moves for summary judgment on its sole breach of contract claim against Defendant. As this Court sits in diversity jurisdiction, Ohio law governs the dispute. *See Equitable Life Assur. Soc'y of the United States v. Poe*, 143 F.3d 101, 1016 (6th Cir. 1998). "Under Ohio law, the elements of a breach of contract claim are: (1) the existence of a contract; (2) performance by the plaintiff; (3) breach by the defendant; and (4) damage or loss to the plaintiff as a result of the breach." *V&M Star Steel v. Centimark Corp.*, 678 F.3d 459, 465 (6th Cir. 2012). After reviewing the record, there is no material dispute of fact as to any element of Plaintiff's claim.

Looking to the elements, the parties agree to the existence of their contract.

(Answer, Doc. 15, ¶ 15; *see* Barreto Dep., Doc. 22, Pg. ID 294.) Defendant further admits that Plaintiff performed its duties under the contract by executing currency transactions as requested by Defendant. (Answer, Doc. 15, ¶ 8; *see* Areddy Aff., Doc. 23-2, ¶ 5.) Next, Defendant admits that it breached the agreement by failing to pay Plaintiff. (Answer, Doc. 15, ¶ 8; Interrogatory, Doc. 23-3, Pg. ID 535.) Last, Defendant admits to the existence of damages, acknowledging that it still owes Plaintiff $4,612,972.00 under the contract. (Interrogatory, Doc. 23-3, Pg. ID 535; Barreto Dep., Doc. 22, Pg. ID 317; Rojas Dep., Doc. 20, Pg. ID 103.) Thus, there is no material dispute as to any element of Plaintiff's claim.

Since Plaintiff has provided a well-supported motion for summary judgment, Defendant must provide specific facts showing that there is a genuine dispute for trial. *Anderson*, 477 U.S. at 256. Defendant, however, has failed to respond to and cannot "rely on the hope" that the Court will disbelieve Plaintiff's motion. *Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1479 (6th Cir. 1989). Instead, Defendant must present affirmative evidence to defeat Plaintiff's motion. *Id*. Since Defendant has presented no evidence, the Court finds summary judgment proper. *See Gunshy Thoroughbreds, LLC v. Geostar Corp.*, 2010 U.S. Dist. LEXIS 159264, at *5-6 (E.D. Mich. Mar. 9, 2010) (granting summary judgment when the defendant failed to provide evidence for or explain its defenses).

Plaintiff also requests that this Court award post-judgment interest. (Motion, Doc. 23, Pg. ID 488.) In diversity cases, federal law controls post-judgment interest. *Estate of Riddle v. S. Farm Bureau Life Ins. Co.*, 421 F.3d 400, 409 (6th Cir. 2005). Under 28 U.S.C. § 1961(a) "interest shall be calculated from the date of the entry of the judgment, at a rate equal to the weekly average 1-year constant maturity Treasury yield, as published by the

4

Board of Governors of the Federal Reserve System for the calendar week preceding the date of the judgment." "The purpose of postjudgment interest is to compensate the successful plaintiff for being deprived of compensation for the loss from the time between the ascertainment of the damage and the payment by the defendant." *Kaiser Aluminum & Chem. Corp. v. Bonjorno*, 494 U.S. 827, 835-36 (1990). The Court also "has no discretion to deny any post-judgment interest because it is mandatory." *Id.* Accordingly, Defendant is ordered to pay Plaintiff post-judgment interest from the date of this order until the judgment is satisfied.

## CONCLUSION

Based on the foregoing, the Court **ORDERS** the following:

1. Plaintiff's Motion for Summary Judgment (Doc. 23) is **GRANTED**;

2. Judgment is **ENTERED** in favor of Plaintiff in the amount of $4,612,972.60, along with post-judgment interest at the applicable statutory rate under 28 U.S.C. § 1961; and

3. The case is **TERMINATED** from the Court's docket.

**IT IS SO ORDERED.**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO

By: *Matthew W. McFarland*
JUDGE MATTHEW W. McFARLAND